UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

───────────────────────────────

Anthony W. Palmer,

                        Plaintiff,

     v.

Commissioner of Social Security,

                      Defendant.

**Decision and Order**

**17-CV-1154 (HBS)**
Consent

───────────────────────────────

      On November 28, 2018, the Court heard from the parties and issued a Decision and Order from the bench that vacated the Commissioner's final determination and that remanded the case for further administrative proceedings. (Dkt. No. 17.) On March 29, 2019, in accordance with a stipulation between the parties (Dkt. No. 21), the Court awarded plaintiff attorney fees in the amount of $6,794.05 under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. (Dkt. No. 22.) One of the conditions attached to the award was that plaintiff potentially would not receive the award, depending on whether he owed any debts to the federal government that were subject to offset under the U.S. Treasury Offset Program.

      On June 8, 2020, plaintiff's counsel filed a motion for an award of attorney fees in the amount of $14,639.57, under 42 U.S.C. § 406(b). (Dkt. No. 24.) Plaintiff's counsel informs the Court, and the Commissioner does not contest, that the EAJA award likely was offset in its entirety to help satisfy an unspecified debt. (Dkt. No. 24-1 at 2.) Plaintiff's counsel advises further that on April 19 and May 22, 2020, the Commissioner issued two Notices of Award, based on a favorable decision, totaling $58,558.28 in past-due benefits. Of that amount, the Commissioner withheld just under 25 percent, or $14,150.90, to pay any duly approved attorney fee. Plaintiff's counsel has set forth details in the motion explaining the time spent on the case and how the amount sought is

consistent with the attorney-client contract, the amount of time spent on the case, prevailing rates for the type of work performed, and the statutory cap for fees.

The Commissioner takes no position on the motion, since Section 406(b) are paid from the claimant's benefits rather than from agency funds. (Dkt. No. 27.)

After reviewing the motion papers, the Court finds that the request is in fact consistent with statutory authority and with cases that have addressed similar requests. *See generally, e.g., Gisbrecht v. Barnhart*, 535 U.S. 789 (2002); *Wurzer v. Comm'r*, No. 15-CV-6528 CJS, 2019 WL 3821897 (W.D.N.Y. Aug. 14, 2019); *Barone v. Saul*, No. 13-CV-896, 2019 WL 3296616, at *2 (W.D.N.Y. July 23, 2019). Unlike *Wurzer* and *Barone*, no refund of the EAJA award will be necessary since the award was offset. Accordingly, the motion is granted. Plaintiff's counsel is hereby awarded $14,639.57 in attorney fees under 42 U.S.C. § 406(b).

SO ORDERED.

                                           __/s Hugh B. Scott_____
                                                  Hon. Hugh B. Scott
                                                  United States Magistrate Judge

DATED: July 16, 2020